JESUS ACOSTA AND SAMUAL ROSAS V. THE STATE.

No. 3762.   Decided October 27, 1915.

**1.—Robbery—Escape—Practice on Appeal.**

Where it appeared by proper affidavit that one of the appellants had escaped from custody, the appeal will be dismissed as to him.

**.2.—Same—Sufficiency of the Evidence—Deadly Weapon.**

Where, upon trial of robbery, charging violence and fear of life and bodily injury, the evidence showed that a razor was used, the same is considered a deadly weapon, but inasmuch as the death penalty was not assessed, this would be immaterial, and the evidence being sufficient to support the verdict, there was no reversible error.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh L. Umphreys.

Appeal from a conviction of robbery by violence and putting in fear of life, and bodily injury; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Marvin Jones,* for appellants.—On question of deadly weapon: Melton v. State, 17 S. W. Rep., 257; Smith v. State, 61 Texas Crim. Rep.,

349, 135 S. W. Rep., 152; Bush v. State, 52 Texas Crim. Rep., 398, 107 S. W. Rep., 348; Parks v. State, 15 S. W. Rep., 174.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellants were convicted under an indictment charging them with robbery, and their punishment assessed at five years confinement in the penitentiary.

Since said conviction, and while this case was pending in this court on appeal, it is made to appear by affidavits on file that appellant Samual Rosas has escaped from custody. The State's motion to dismiss the appeal as to said appellant is, therefore, sustained, and this cause dismissed as to said appellant Samual Rosas.

There are no bills of exception in the record. The special charges requested by appellant were all given, consequently if the evidence sustains the verdict the judgment as to Jesus Acosta must be affirmed. Margarito Estrada testified that the two appellants agreed to show him the way to a barber shop; that they carried him into a room, drew a razor on him and told him to hold up his hands and when he did so they went through his pockets and took his money. This made a case, if the jury believed the testimony, and evidently they did believe it. Appellant contends that a razor is not per se a deadly weapon. We are inclined to believe that all mankind know that death can be inflicted by a razor in the hands of a grown man. At any rate, the death penalty was not assessed, but only five years adjudged. If the razor should be held not to be a deadly weapon, as the indictment alleged that appellants made an unlawful assault on Margarito Estrada and by violence did put the said Estrada in fear of life and bodily injury, the evidence supports the verdict.

The judgment is affirmed as to Jesus Acosta, and the appeal is dismissed as to Samual Rosas.

*Affirmed.*