**Frank Eldon HAMMONS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–91–461–CR, 2–91–462–CR.**

Court of Appeals of Texas,
Fort Worth.

June 9, 1993.

J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Anne E. Swenson, Lisa Mullen, Rose Anna Salinas, Assts., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

DAY, Justice.

Frank Eldon Hammons appeals his convictions for aggravated robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp. 1993). Following a jury trial, the court assessed punishment in Cause No. 2–91–461–CR (case # 1), enhanced by two prior convictions, at 45 years confinement. The court assessed punishment in Cause No. 2–91–462–CR (case # 2), enhanced by two prior convictions, at 30 years confinement.

We affirm.

Hammons raises five points of error on appeal. In point of error one, Hammons challenges the sufficiency of the evidence to support his conviction in case # 2. In his second point, Hammons complains the trial court erred in denying his motions to quash the indictments in both cases. By his third point of error, Hammons complains the trial court improperly admitted certain evidence in case # 1. In point four, Hammons contends the State committed reversible error by making repeated references, during voir dire, to his prior convictions. In his fifth point of error, Hammons complains the jury charges were fundamentally defective because "reasonable doubt" was not defined in the application paragraph.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469

U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ Hammons contends the evidence is insufficient to show the baseball bat he used in case # 2 was a deadly weapon, as alleged in the indictment, because the record is devoid of evidence that the bat was, in the manner of its use or intended use, capable of causing death or serious injury.

In case # 2, Hammons and a male companion approached Kenneth Scott Anstine, the complainant, as Anstine was at a pay telephone booth at a Texaco station in Euless, Tarrant County, Texas. The men told Anstine they needed to use the phone, and Anstine responded that he was not finished yet. Hammons' companion then hung up the phone and told Anstine to empty his pockets. When Anstine refused to comply, Hammons reached around the corner of the Texaco station, grabbed a blue aluminum baseball bat, and said "I've got this." Hammons tried to pull Anstine's wallet from his pocket, but Anstine, whose left arm was in a sling, twisted around and reached for it himself.

Hammons then brought the bat up between Anstine's legs, striking him in the groin. Hammons also struck Anstine above the right knee. When Hammons attempted to hit Anstine a third time, Anstine pushed him back and ran into the Texaco station. Anstine testified that he was "scared" and "thought [Hammons] was going to hurt me bad." Anstine further testified that, although he felt pain with each blow, he did not sustain any serious bodily injury.

After Anstine ran into the Texaco station and notified the police, Hammons and his companion remained outside, around the corner of the building. Anstine testified he believed the men were waiting for him to come out of the Texaco station.

In addition, the bat was introduced into evidence, and Anstine used it to show the jury how he was beaten.

The offense of robbery is aggravated if the offender uses or exhibits a deadly weapon while committing the offense. Tex.Penal Code Ann. § 1.07(a)(11)(A) (Vernon 1974). In this instance, the indictment in case # 2 alleged that Hammons

did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place Kenneth Anstine in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a bat, that in the manner of its use and intended use was capable of causing death and serious bodily injury.

The Texas Penal Code defines "deadly weapon" as: "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974).

■ Hammons and the State agree that a baseball bat is not a deadly weapon *per se*. The Court of Criminal Appeals has ruled that an object may be a deadly weapon *per se* if it is either a firearm or it otherwise meets the requirements of section 1.07(a)(11)(A). *See Thomas v. State*, 821 S.W.2d 616, 619–20 (Tex.Crim.App. 1991). Once such a showing is made, the State need not verify that the object was actually capable of causing death. *Id.*

■ An object that does not fall into section 1.07(a)(11)(A) can qualify as a deadly weapon through the manner of its use or intended use, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App.1978). Words spoken by the accused during the commission of the offense may be considered in determining whether a knife or other weapon is deadly. *English v. State*, 647 S.W.2d 667, 669 (Tex.Crim.App.1983). The presence and severity of wounds also may be considered, but wounds are not a prerequisite to

a finding of deadliness. *Denham,* 574 S.W.2d at 130. Rather, it is sufficient if the weapon is capable of causing death or serious bodily injury or is displayed in a manner conveying an express *or implied* threat that serious bodily injury or death will result if the aggressor is not satisfied. *Jackson v. State,* 668 S.W.2d 723, 725 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) (citing *Lewis v. State,* 628 S.W.2d 276, 278 (Tex.App.—Amarillo 1982, no pet.)). Lastly, the State is not required to establish deadliness through expert testimony. *Denham,* 574 S.W.2d at 131.

We find the bat in the instant case was displayed in a manner conveying an implied threat that serious bodily injury or death would result to Anstine if he did not give his wallet to Hammons. Although Anstine's injuries were not serious, we believe Anstine's pain upon being struck, his fear of serious bodily injury, the menacing nature of the bat, the repeated blows inflicted by Hammons, the demonstration of Hammons' use of the bat before the jury, and the fact that Hammons waited for Anstine even after he fled to avoid further injury, are sufficient to establish the bat's deadliness.

Hammons cites the State's failure to produce expert or lay testimony concerning the bat's deadliness as fatal to its case in chief. As we have previously noted, expert testimony is no longer a prerequisite to a deadliness finding. *Denham,* 574 S.W.2d at 131. Without deciding whether some type of opinion testimony is necessary to establish deadliness, we believe Anstine's testimony that he thought Hammons would hurt him badly sufficed as lay testimony about the bat's capacity to cause serious bodily injury. *See id.* (one who observes and receives wound from butcher knife is capable of testifying that the knife is a deadly weapon causing death or serious bodily injury); *Jackson,* 668 S.W.2d at 724–25 (analysis of club as deadly weapon made by comparison to cases involving knives). *See also Denham,* 574 S.W.2d at 132 (whether opinion evidence is required to prove a knife is a deadly weapon depends on the evidence in each case) (Davis, J., concurring in part and dissenting in part).

Moreover, in *Acosta v. State,* 77 Tex. Crim. 643, 179 S.W. 870 (1915), the Court of Criminal Appeals stated, "Appellant contends that a razor is not per se a deadly weapon. We are inclined to believe that all mankind know that death can be inflicted by a razor in the hands of a grown man." *Id.* 179 S.W. at 871, *quoted with approval in Denham,* 574 S.W.2d at 131. Likewise, we are inclined to believe that all mankind know that death or serious bodily injury can be inflicted by a baseball bat in the hands of a grown man.

A rational trier of fact, weighing the evidence in a light most favorable to the verdict, could have found beyond a reasonable doubt that the baseball bat used by Hammons was capable of inflicting death or serious bodily injury by the manner of its use and intended use. We overrule Hammons' first point of error.

■ By his second point, Hammons complains the trial court improperly denied his motions to quash the indictments in both cases. Hammons claims the indictments were insufficient to place him on notice of the aggravated robbery because they failed to describe or allege the value of the property taken.

An indictment alleging the offense of aggravated robbery need not allege or in any other manner describe the property taken. *Hightower v. State,* 629 S.W.2d 920, 922–23 (Tex.Crim.App. [Panel Op.] 1981); *Robinson v. State,* 596 S.W.2d 130, 134 (Tex.Crim.App.1980).

We overrule Hammons' second point of error.

■ In his third point of error, Hammons contends the trial court erroneously overruled Hammons' objection to the admission of live ammunition allegedly found in his vehicle.

In case # 1, the State offered into evidence live ammunition allegedly taken from a Smith & Wesson .357 magnum handgun. Officer John Gottlob, of the Fort Worth Police Department, testified:

Q. At the time you located this gun, what shape was it in?

A. In appearance, the same as it is now.

Q. Okay. How about whether it was loaded or not?

A. The gun was handed to me unloaded but with a live round that had been removed from the gun.

. . . .

Q. What are the contents of State's Exhibit No. 8?

A. It is six live rounds of a .357 handgun.

Q. Taken from inside of the gun?

A. Yes, ma'am.

At this point, defense counsel objected to Gottlob's testimony, asserting that Gottlob had no personal knowledge that the ammunition had ever been in the handgun. The trial court overruled the objection. Gottlob also testified, on cross-examination, that he had no personal knowledge whether the handgun was actually loaded and that he was not the officer who removed the gun from the car.

Hammons contends he was harmed by the admission of this evidence because evidence that he pointed a loaded handgun at the complainant was considerably more prejudicial than evidence of an unloaded gun would have been. *See* TEX.R.APP.P. 81(b)(2).

TEX.R.CRIM.EVID. 602 provides in pertinent part:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself.

*Id.*

■ Irrespective of whether the trial court abused its discretion by admitting evidence of the live ammunition, we find Hammons failed to properly preserve error on this point because defense counsel did not timely object to the damaging evidence. In order to be considered timely, an objection should be made as soon as the ground for the objection becomes apparent, *i.e.*, as soon as the defense knows or should know that an error has occurred. TEX.R.APP.P.

52(a); *Hollins v. State*, 805 S.W.2d 475, 476 (Tex.Crim.App.1991).

Additionally, the complainant himself had earlier testified that he saw bullets inside the handgun when it was cocked and pointed at his face by Hammons at the time of the alleged offense.

■ Inadmissible evidence can be rendered harmless if other evidence is admitted at trial without objection and proves the same fact the inadmissible evidence sought to prove. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986), *cert. denied*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990). *See also Nathan v. State*, 788 S.W.2d 942, 945 (Tex.App.—Fort Worth 1990, no pet.) (error is cured when same evidence or argument has been previously admitted without objection).

Because Hammons failed to preserve error and because other evidence that the handgun was loaded when pointed at the complainant was admitted without objection, we overrule Hammons' third point of error.

■ In his fourth point, Hammons contends the State repeatedly made references to his prior offenses during voir dire, thereby violating his right to a fair and impartial jury.

During voir dire, the prosecutor questioned prospective jurors about their prior jury service, whether the previous cases were criminal or civil, if a verdict had been reached, what punishment was assessed, and if it was enhanced. Hammons asserts the purpose of these questions was to raise the "specter" of his prior criminal history in the minds of the jurors, thereby depriving him of his right to a trial by a fair and impartial jury, in violation of TEX. CONST. art. I, § 10. Hammons also assails the prosecutor's line of questioning as a deliberate attempt to circumvent the purpose of TEX.CODE CRIM.PROC.ANN. art. 36.01(a) (Vernon Supp.1993).

■ Article 36.01 precludes reading the enhancement portion of an indictment before the punishment phase of trial. *Id.* The purpose of this statute is to prevent the extreme prejudice that would almost

inevitably result from an announcement at the outset of the proceeding that the State believed the defendant had been previously convicted of an offense. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex.Crim.App. [Panel Op.] 1982). Violation of article 36.01 is reversible error. *Id.*

In *Frausto* the prosecutor recounted virtually all of the allegations contained in the enhancement paragraph of the indictment, including the offense, cause number, date, and court of conviction. The *Frausto* court concluded the prosecutor's statements were the functional equivalent of reading the enhancement paragraph of the indictment to the venire, in violation of article 36.01. 642 S.W.2d at 508.

*Frausto* is clearly inapposite on its facts to the instant case. Hammons makes no assertion that the prosecutor mentioned his prior convictions in any way. Rather, he merely contends the prosecutor planted the possibility of those convictions in the jurors' minds by questioning them about whether the punishment they had assessed in other cases had been enhanced.

The *Frausto* court ruled that a prosecutor may inform the jury panel at voir dire of the range of punishment applicable upon proof of a prior conviction for enhancement purposes. 642 S.W.2d at 509. Surely that information would be no more suggestive to the jury, or prejudicial to the defendant, than the questions propounded in the case at bar. We therefore find the prosecutor's questioning did not violate article 36.01 or the *Frausto* rule, nor did it violate Hammons' constitutional right to trial by an impartial jury.

We overrule Hammons' fourth point of error.

In his remaining point, Hammons contends the jury charges in both cases were fundamentally defective because they failed to include a definition of "reasonable doubt" in the application paragraphs.

In analyzing the trial court's charge, this court must employ a two-step process: we must determine (1) whether error exists in the charge; and, if so, (2) whether sufficient harm was caused by the error to require reversal of the conviction. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986).

The application portion of the court's charge in case #1 read:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of August, 1990, in Tarrant County, Texas, the defendant, Frank Eldon Hammons, did then and there intentionally and knowingly, while in the course of committing theft of property and with the intent to obtain or maintain control of said property, threaten or place J. Kirk Frayley in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of the offense of aggravated robbery as alleged in the indictment.

Unless you so find and believe beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated robbery and say by your verdict "not guilty."

The court's charge in case #2 is identical, with the exception of the date of the alleged offense, the complainant's name, and the weapon used.

The abstract portions of both charges, which followed the application paragraphs, included the following definition of "reasonable doubt":

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, indicted, or otherwise charged with the offense gives rise to no inference of guilt at this trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reason-

able doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict "Not Guilty."

The indictment in this case is no evidence whatsoever of the guilt of the defendant. It is merely a pleading necessary in order to bring this case into court for trial, and you will consider it for no purpose at all.

In *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991), the Court of Criminal Appeals adopted a jury instruction on reasonable doubt and required that this instruction be submitted to the jury in all cases tried after the date of the decision. *Id.* at 162, 165. Since Hammons' trial occurred on November 19–21, 1991, *Geesa* applies to his case.[1]

The reasonable doubt instruction in the instant cases is virtually identical to that in *Geesa. See id.* at 162. Notably, the *Geesa* opinion does *not* require this instruction to be included in the application paragraph. Indeed, Hammons cites no authority, and we are aware of none, for his argument that "[a]n *application paragraph* which

does not properly instruct the jury on the *legal definition* of the standard they are to use in applying the facts to the law denies a defendant a fair trial...." [Emphasis supplied.]

 Under Texas law, a *charge* that fails to apply a theory of law to the facts of the case is insufficient to authorize conviction on that theory, even where the theory of law is abstractly defined in the charge. *Jones v. State*, 815 S.W.2d 667, 670 (Tex. Crim.App.1991). In the instant case, the trial court clearly applied the reasonable doubt concept to the facts of the case and then defined reasonable doubt for the jury. Thus, the charge satisfied the requirements of both *Geesa* and *Jones*.

Because the charge properly defined reasonable doubt and applied the law on reasonable doubt to the facts in this case, we find no error in the charge. We overrule Hammons' fifth point of error.

The trial court's judgments are affirmed.

---

**1.** *Geesa* was handed down on November 6, 1991. 820 S.W.2d at 154. Mandate issued on