Charles Lee WATSON, Appellant,

v.

The STATE of Texas, State.

No. 2–93–179–CR.

Court of Appeals of Texas,
Fort Worth.

May 18, 1994.

Publication Ordered June 2, 1994.

J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs, Anne E. Swenson and Greg Miller, Assts., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

FARRIS, Justice.

A jury convicted Charles Lee Watson of possession with intent to deliver heroin of less than twenty-eight grams and possession with intent to deliver cocaine of less than twenty-eight grams and assessed his punishment, enhanced by prior felony convictions, at sixty-five years confinement for each offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1994). On appeal, Watson complains his punishment violates the double jeopardy clauses of the constitutions, he cannot receive multiple convictions from a single charging instrument, and the jury charge was fundamentally defective because the application paragraph did not contain the *Geesa* definition of "reasonable doubt." *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). We overrule Watson's

points because he was convicted of more than one offense, the offenses were properly joined in a single indictment, and *Geesa* does not require that the "reasonable doubt" instruction be included in the application paragraph.

The convictions are affirmed.

As part of "Weed and Seed," a specially funded program for high crime areas, Officers Dalco and Gilmore surveyed the corner of East Myrtle and Evans Avenue. During their surveillance, Officer Dalco observed two black males, one of whom was Watson, standing at the intersection while cars slowed or stopped. Officer Dalco watched these men reach into cars and talk to their occupants. After observing three of these encounters, the officers approached Watson and his companion and asked them what they were doing. They responded they were waiting for a bus. Officer Gilmore then noticed a bulge in Watson's pants. Concerned it might be a weapon, he patted down Watson and found a pocketknife and a plastic Baggie containing brown and white capsules. Suspecting the capsules contained a controlled substance, Officer Gilmore seized them as evidence. Watson and his companion were then arrested.

Watson was charged in a single indictment with two separate counts of possession of a controlled substance with intent to deliver. Count one alleged possession of heroin and count two possession of cocaine. The jury convicted Watson on both counts and gave him two sixty-five year sentences.

In point of error one, Watson contends his possession of these controlled substances was one offense; therefore, by imposing two sentences on him, the State violated the double jeopardy protection of the United States and Texas Constitutions.[1] U.S. CONST. amend. V; TEX. CONST. art. 1, § 14.

■ The double jeopardy clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after

---

1. The double jeopardy provision of the Texas Constitution warrants an analysis distinct from the federal constitutional analysis. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.

1991). Because Watson makes no distinction between the constitutions with regard to this matter, and absent authority to the contrary, our discussion applies to both.

acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 802, 109 S.Ct. 2201, 2206, 104 L.Ed.2d 865 (1989). Watson's complaint concerns the third aspect of double jeopardy protection, protection against multiple punishments for the same offense. Therefore, we must decide whether the act constitutes one or two offenses.

To make this decision we employ the *Blockburger* test. *See Blockburger v. United States,* 284 U.S. 299, 300, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The test is whether each offense requires proof of a fact that the other does not. *Id.* To apply this test, we must decide whether the legislature intended that each violation be a separate offense. *Garrett v. United States,* 471 U.S. 773, 793, 105 S.Ct. 2407, 2418, 85 L.Ed.2d 764 (1985); *Cervantes v. State,* 815 S.W.2d 569, 574 (Tex. Crim.App.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

The statute in question provides, "Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1." TEX.HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.1994).

Cocaine and heroine are Penalty Group 1 substances. *See id.* at § 481.102. The Texas Health and Safety Code divides controlled substances into Penalty Groups 1 through 4 for the *purpose* of establishing criminal penalties for violations of the Texas Controlled Substance Act. *See id.* at § 481.101. Therefore, we hold the legislature did not intend to make the Penalty Group, rather than the individual controlled substance, an essential element of the offense. Consequently, Watson was convicted of two offenses because the State had to prove he possessed with the intent to deliver two different substances. Thus, *Watson's multiple punishments do not* violate the double jeopardy provisions of the constitutions. Point of error one is overruled.

In point of error two, Watson complains the State cannot obtain separate convictions for two counts in a single indictment.

Texas Health and Safety Code section 481.132 sets forth the exclusive method for joinder of offenses under this chapter. TEX. HEALTH & SAFETY CODE ANN. § 481.132(f) (Vernon 1992). Under this section, a defendant may be prosecuted in a single criminal action for all offenses arising out of the same incident. *Id.* at (b). Also, if the single criminal action is based on more than one charging instrument, the State must file notice of joinder at least 30 days before trial. *Id.* Therefore, the State can join two or more offenses in a single indictment and prosecute them in one action as long as the offenses arise out of the same criminal episode. Watson concedes the offenses arise out of the same incident, therefore, point of error two is overruled.

In his final point of error, Watson contends the jury charge was fundamentally defective because the "reasonable doubt" definition was placed after the application paragraph. We have rejected this argument several times. *See Polk v. State,* 865 S.W.2d 627 (Tex.App.—Fort Worth 1993, pet. filed); *Hammons v. State,* 856 S.W.2d 797, 803–04 (Tex.App.—Fort Worth 1993, pet. ref'd). Point of error three is overruled.

The judgments are affirmed.

