MARY'S OPINION HEADING 








NO. 12-09-00156-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

CARL LEONARD
LIVELY,                                    §                      APPEAL FROM
THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A
jury found Appellant, Carl Leonard Lively, guilty of aggravated robbery.  The
trial court assessed a life sentence to be served consecutively to a Henderson
County conviction.  In his first issue, Appellant complains the trial court
erred in allowing the admission of evidence of extraneous offenses.  In his
second issue, he contends the prosecutor made impermissible arguments to the
jury that emphasized the evidence of extraneous offenses improperly admitted. 
We affirm.

 

Background

            At
around 5:00 p.m. on May 30, 2007, a man walked into the Dollar General Store in
Bullard and asked Tiffany Stokes, the cashier, about buying cell phone
minutes.  She went to the cash register, but while she was completing the sale,
the man pointed a pistol at her.  The man said, “[O]pen it, open it, and just
be quiet.”  He held the gun at his waist level but pointed it up at her.  She
gave him all the money in the cash register.  The robber then told her to turn
around and walk to the back of the store.  He ordered her not to turn around or
try to see what he was driving or he would shoot her.

            Stokes
described the robber as a slender white male with a mustache.  He wore a dark
long sleeved shirt, dark pants, work boots, sunglasses, a dark handkerchief
around his neck, and a blue or black baseball cap with white lettering on it. 
She noticed that he had gray hair sticking out from under his baseball cap. 
Five months later, Stokes quickly identified Appellant in a photo lineup.

            Jordan
Goodman testified that he left the Dollar General Store at about the same time
as the robber entered.  He testified that when he left the store, the only
vehicle in the parking lot, other than his own, was a dark blue Tahoe.

            Allen
In testified that at 4:45 p.m. on July 19, 2007, a thin, white male walked into
his liquor store in Marshall, Texas, pointed a pistol at him, and told him to
empty the cash register.  The robber held the gun around his mid-section with the
barrel pointing up at In.  After he took the money, he told In to walk to the
back of the store.  Immediately after the robber left the building, In grabbed
his .40 caliber Hi-Point pistol from under the counter.  He ran outside in time
to see the robber still in the parking lot in a dark blue Tahoe.  In fired four
shots at the Tahoe as it sped away.  He said the robber wore a baseball cap,
and that he could see the robber had gray hair.

            On
October 30, 2007, Gun Barrel City officers arrested Appellant following the
investigation of a traffic accident involving Appellant.  His dark blue Tahoe
was impounded.  The officers found two bullet holes in the vehicle’s exterior. 
They recovered a spent bullet from its interior.  Testing established that it
had been fired from In’s .40 caliber pistol.

            At
trial, both Stokes and In identified Appellant as the person who robbed them.

 

Extraneous Offenses

            In
his first issue, Appellant contends the trial court erred in admitting evidence
of the Marshall liquor store robbery, events surrounding his arrest at Gun
Barrel City, and mail indicating that Appellant had written checks that had not
been paid.  Appellant argues that, despite the trial court’s limiting
instructions, the evidence gave the jury the impression that he had committed
multiple robberies.  He also insists that, even if the challenged evidence had
some purpose other than proof of character and that the charged conduct
conformed to that character, its probative value was substantially outweighed
by the danger of unfair prejudice from its admission.

Standard
of Review

            The
trial court’s evidentiary rulings are reviewed for abuse of discretion.  Sauceda
v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  If the ruling
was correct on any theory of law applicable to the case, in light of what was
before the trial court at the time the ruling was made, the ruling must be
upheld.  Id.  Appellate courts will uphold a trial court’s ruling
on the admissibility of evidence as long as the trial court’s ruling was at
least within the “zone of reasonable disagreement.”  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

Applicable
Law

            “Evidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.”  Tex. R. Evid. 404(b).  However,
evidence of other crimes, wrongs, or acts may be admissible for other purposes,
such as proof of identity.  Id.  An extraneous offense may be
admissible to show identity only when identity is at issue.  Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).  When an extraneous
offense is offered to prove identity, the common characteristics or the device
used in each offense must be so unusual and distinctive as to be like a
“signature.” Taylor v. State, 920 S.W.2d 319, 322 (Tex. Crim.
App. 1996).

            Even
relevant evidence may be excluded “if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury. . . .”  Tex.
R. Evid. 403.  Therefore, even if relevant on the issue of identity, the
extraneous offense evidence may still be inadmissible.  Extraneous offense
evidence is admissible under both rules 403 and 404(b) if the evidence
satisfies a two part test:  (1) whether the extraneous offense evidence is
relevant to a fact of consequence in the case aside from its tendency to show
action in conformity with character, and (2) whether the probative value of the
evidence is not substantially outweighed by unfair prejudice.  Page v.
State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006).  The determination
of whether the probative value of the challenged evidence is not substantially
outweighed by the danger of unfair prejudice requires the consideration of four
factors:  (1) how compellingly the extraneous offense evidence serves to make
more or less probable a fact of consequence, (2) the potential of the evidence
to impress the jury in an irrational and indelible way, (3) the time needed to
develop the evidence of extraneous misconduct, and (4) the degree of the proponent’s
need for such evidence.  Montgomery, 810 S.W.2d at 389-90.

Discussion

            The
only direct evidence the State had connecting Appellant to the offense was his
ownership of a dark blue Tahoe and the eyewitness identification of a
frightened young woman who probably had less than three minutes to observe
him.  Appellant, in cross-examination, attempted to show that her
identification of Appellant was untrustworthy.  In cross-examination of Stokes
and the Texas Ranger who prepared the photo lineup, he sought to cast doubt on
the reliability of Stokes’s identification of Appellant’s photograph.  Identity
was at issue.

            The
evidence of the Marshall robbery was offered and admitted to show identity. 
The two robberies occurred within two months.  In both, the robber drove a dark
blue Tahoe.  A robber entered both stores at around 5:00 p.m.  In both
instances, he wore a baseball cap and a dark bandana.  He held the pistol low
around his waist with the muzzle pointed up at the victim.  In each case, after
he got the money, the robber ordered the cashier or store owner to walk to the
back of the store.  Both robberies were committed by a thin, white male with
gray hair.

            Appellant
contends that even if the evidence of the Marshall robbery was relevant, the
danger of unfair prejudice in its admission substantially outweighed its
probative value.

            In
making this determination under rule 403, the court must consider first “how
compellingly the evidence of extraneous misconduct serves to make more or less
probable a fact of consequence.”  Montgomery, 180 S.W.2d at 389. 
This is often a function of similarity of the extraneous misconduct to the
charged offense and the strength of the state’s proof that the defendant
committed the extraneous misconduct.  Id. at 390.  Here, the two
offenses shared multiple distinctive characteristics that identified Appellant
as the perpetrator of both.  In’s identification of Appellant as the Marshall
liquor store robber coupled with the discovery in Appellant’s Tahoe of a bullet
fired from In’s pistol showed beyond a reasonable doubt that Appellant
committed the extraneous offense.  Given the similar distinctive
characteristics shared by both robberies, In’s identification of Appellant as
the Marshall robber provided compelling evidence of Appellant’s identity as the
robber of the Bullard Dollar General.

            We
do not believe the evidence of the Marshall robbery had the potential to
impress the jury in an irrational way.  The evidence of the extraneous offense had
no adverse effect upon Appellant “beyond tending to prove the fact or issue
that justified its admission into evidence.”  See Casey v. State,
215 S.W.3d 870, 883 (Tex. Crim. App. 2007).  Moreover, the court properly
limited the jury’s consideration of the evidence of the Marshall robbery to the
issue for which it was admitted.  See Abdnor v. State, 871 S.W.2d
726, 738 (Tex. Crim. App. 1994).

            The
time the State needed in developing the evidence of the extraneous misconduct,
the third Montgomery factor, weighs against its admission, and
the State concedes as much.  Twenty-seven percent of the State’s direct
examination was devoted to proof of the Marshall robbery.  The evidence was
needed and inherently probative.  But the expenditure of so much time proving
the extraneous offense risked diverting the jury’s attention from the charged
offense.

            The
fourth Montgomery factor addresses the state’s need for the
evidence and requires answers to the following questions:  (1) Does the state
have other evidence to establish the fact of consequence that the extraneous
misconduct is relevant to show?  (2) If so, how strong is that evidence? And (3)
is the fact of consequence related to an issue that is in dispute?  Montgomery,
810 S.W.2d at 390.  In this case, the only direct evidence the State possessed
that Appellant was the robber was the eyewitness testimony of a frightened
nineteen year old woman who had possibly three minutes to observe him. 
Although that was sufficient proof, its reliability could easily be
undermined.  The State needed the evidence.

            Despite
the inordinate time involved in proving the Marshall robbery, our analysis of
the four Montgomery factors leads us to conclude that the
probative value of the evidence of the Marshall robbery was not substantially
outweighed by the danger of unfair prejudice.  The trial court’s ruling was
well “within the zone of reasonable disagreement.”  The trial court did not
abuse its discretion in admitting the evidence related to the Marshall robbery.

            In
his first issue, Appellant also argues that the trial court erred in admitting
Chief Boswell’s testimony regarding the facts and circumstances surrounding
Appellant’s arrest in Gun Barrel City.  At trial, Appellant raised an objection
that the evidence of bullet holes in his Tahoe was not relevant.  On appeal,
Appellant complains the testimony was inadmissible under rules 403 and 404(b). 
Appellant’s trial objection must comport with the issue raised on appeal.  Camacho
v. State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993).  Because it does
not, no error was preserved.

            Next,
Appellant insists that Sergeant Griffin’s testimony that he had been
investigating similar robberies prior to preparing a photo lineup for the
Marshall robbery was inadmissible propensity evidence under rules 403 and 404(b). 
On direct examination Sergeant Griffin testified, as follows:

 

I had been contacted by other
agencies that were having similar robberies.  We put out what kind of vehicle
we were looking for in our robbery, and talking with other detectives that had
the same kind of robberies.  I got a call from a detective out of Smith County [who]
advised me –

 

Q:  Let me ask you this:  With
that detective, when you got that information, did you, at that time, after
getting that information, did you put together a photo line-up?

 

A:  Yes.  Soon as I got a name of
a suspect they had that possibly could be our robber, I took the name – 

 

 

            Evidence
of an extraneous offense must necessarily involve evidence of prior criminal
conduct by the defendant.  McKay v. State, 707 S.W.2d 23, 31-32
(Tex. Crim. App. 1985), cert. denied, 479 U.S. 871, 107 S. Ct. 239, 93
L. Ed. 2d 164 (1986).  Since the challenged testimony did not establish prior
criminal conduct by Appellant, it was not improper extraneous offense evidence.

            Finally,
Appellant insists that the trial court erred in admitting testimony regarding
the discovery after his arrest of notices from the Anderson County District
Attorney regarding checks Appellant had written but that had not been paid. 
Appellant’s trial objection was overruled.  Later in the trial, however, when
the documents were introduced, Appellant’s counsel stated, “Without objection,
Your Honor.”  The benefit of an objection made outside the jury’s presence is
lost if, when the evidence is offered before the jury, the opponent states, “[N]o
objection.”  Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App.
1992).  Moreover, the admission of inadmissible evidence is held harmless by
the admission of evidence without objection that proves the same fact.  Hammons
v. State, 856 S.W.2d 797, 802 (Tex. App.–Fort Worth 1993, pet. ref’d). 
No error is preserved.  

Appellant’s
first issue is overruled.

 

Jury Argument

            In
his second issue, Appellant complains that the prosecutor’s argument during the
guilt-innocence phase of the trial emphasized the extraneous offense evidence
improperly admitted and was so inflammatory as to deny him a fair trial.

            The
applicable standard is whether, in the light of the record as a whole, there is
a reasonable possibility the improper argument contributed to appellant’s
conviction.  Denton v. State, 920 S.W.2d 311, 312 (Tex. Crim.
App. 1996).

            Proper
jury argument must fall within one of four general areas:  summation of the
evidence; reasonable deduction from the evidence; answer to argument of
opposing counsel; and pleas for law enforcement.  Franklin v. State,
693 S.W.2d 420, 429 (Tex. Crim. App. 1985).

            In
the absence of an objection to jury argument and an adverse ruling, nothing is
presented for review.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996).  However, if the prosecutor’s argument is so extreme and
inflammatory as to deprive the appellant of a fair trial, reversal is
required.  See, e.g., Boyde v. State, 513 S.W.2d 588, 590-93
(Tex. Crim. App. 1974).

            Appellant
describes the State’s argument as so inflammatory as to require reversal
despite the absence of any objection at trial.  Appellant complains
particularly that the prosecutor devoted much of his argument to the extraneous
offense evidence, which Appellant contends was improperly admitted.  However,
we have held that there was no error in the admission of evidence related to
the Marshall robbery.  A prosecutor is permitted to refer to the evidence and
make reasonable deductions from it.  We have reviewed the prosecutor’s
argument.  It was not so egregious as to deny Appellant a fair trial as in Boyde. 
In the absence of any trial objection, no error is preserved.  Appellant’s
second issue is overruled.

 

Disposition

            The
judgment is affirmed.

                                                                                                Bill Bass

                                                                                                    
Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Griffith, J.,
Hoyle, J. and Bass, Retired J., Twelfth Court of Appeals,

sitting by assignment.

 

(DO NOT PUBLISH)