

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00337-CR

**ROLAND LEYBA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-26-C2

_____

## MEMORANDUM  OPINION

_____

A jury found Roland Leyba guilty of aggravated robbery and assessed a forty-five-year prison sentence. Raising three issues, Leyba appeals.

Issues one and two assert, respectively, that the evidence is legally and factually insufficient to support the deadly-weapon element of the jury's guilt finding on the charge of aggravated robbery. "A robbery becomes an aggravated robbery if the actor 'uses or exhibits a deadly weapon.'" *McCain v. State*, 22 S.W.3d 497, 501 (Tex. Crim. App. 2000) (citing TEX. PENAL CODE § 29.03(a)(2).

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The Court of Criminal Appeals recently overruled *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and factual-sufficiency review. *See Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The court held that the *Jackson v. Virginia* legal-sufficiency standard is the only standard a reviewing court should apply in determining the sufficiency of the evidence. *Id.* Because we cannot review the evidence for factual sufficiency, we overrule issue two and will proceed to a sufficiency review for issue one.

The evidence shows that Leyba entered a convenience store where Juawice Jones, an assistant manager, was working. Leyba was carrying a baseball bat and told Jones to open up the cash register or he would hit her. Jones opened the register, and Leyba grabbed a handful of money and left. Jones got a description of the car that Leyba fled in, and police quickly apprehended him. Leyba's sufficiency argument is that he did not display or carry the bat in a menacing manner, nor did he hold it as if he were going

to use it. Instead, the bat was cradled under his arm. A security videotape of the robbery confirms Leyba's claim that he did not raise the bat or wield it menacingly.

A baseball bat is not a deadly weapon per se. *In re S.B.,* 117 S.W.3d 443, 446 (Tex. App.—Fort Worth 2003, no pet.); *Hammons v. State,* 856 S.W.2d 797, 800 (Tex. App.—Fort Worth 1993, pet. ref'd). But anything that, in the manner of its use or intended use, is capable of causing death or serious bodily injury is a deadly weapon. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West 2011). Objects used to threaten deadly force are deadly weapons. *Herring v. State,* 202 S.W.3d 764, 766 (Tex. Crim. App. 2006). The State must show that the weapon used was capable of causing serious bodily injury or death in its use or intended use. *Adame v. State,* 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). "[A] person 'uses or exhibits a deadly weapon' under the aggravated robbery statute if he employs the weapon in any manner that 'facilitates the associated felony.'" *McCain,* 22 S.W.3d at 502 (quoting *Patterson v. State,* 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). Contrary to Leyba's position, the law does not require that the actor commit an overt gesture with the weapon; the mere carrying of a weapon during a robbery can be legally sufficient evidence for a jury to conclude that the intended use of the weapon was that it be capable of causing death or serious bodily injury. *See id.* at 503.

Jones said that Leyba was right in front of the counter and told her to open up the register. When she paused, Leyba lifted the bat "up on the counter." The videotape shows that Leyba was holding the bat and that at one point it was on or over the counter, less than a few feet away from Jones. When Jones paused again, Jones testified that Leyba said, "open up the MF'ing drawer before I hit you B-I-T-C-H," except that

Leyba did not spell out the profanity. She felt threatened and was in fear of bodily injury. He repeated it five or six times and was pushing the register buttons to get it to open. After he said it the last time, Jones realized that the bat was coming closer, so she pushed the button to open the drawer. Leyba grabbed money from the register, and some fell to the floor. He told her to give him the money on the floor, but she did not because she was afraid he would hit her with the bat when she leaned over because he had already threatened to hit her. Two police officers testified that the bat was capable of causing serious bodily injury or death.

We disagree with Leyba's heavy reliance on *S.B.*, which we find to be distinguishable and was not a robbery case. There, the victim did not feel threatened with imminent bodily injury and there was no evidence of the actual size or shape of the bat used or its capability to inflict death or serious injury. *See S.B.*, 117 S.W.3d at 447-48. Based on Leyba's exposure of the bat during the robbery and his verbal threats to hit Jones, we hold that a rational jury could have found beyond a reasonable doubt that Leyba used or exhibited a deadly weapon. Because the evidence is sufficient, we overrule issue one.

Subsection 12.42(d) of Penal Code authorizes a punishment range of 25 to 99 years for a habitual offender if the State proves that a defendant committed a second felony offense after the conviction for the first felony offense became final. TEX. PENAL CODE ANN. § 12.42(d) (West 2011). Of the four prior California felony convictions that the State had given notice of, at trial they elected to use the convictions in cause numbers 03NF2378 and 05CV2688. The State introduced evidence of these prior

convictions, but the documents did not include the date of the second offense.

Issue three asserts that the State failed to prove that the second felony conviction was for an offense committed after the date that the first felony conviction became final. The State concedes that the documentation on the second conviction does not reflect an offense date but contends that Leyba's testimony established that the second offense was committed after the first conviction had become final. *See Flowers v. State,* 220 S.W.3d 919, 920-21 (Tex. Crim. App. 2007).

Cause number 03NF2378 reflects a robbery conviction and that Leyba was sentenced to two years in prison on November 25, 2003. Cause number 05CV2688 reflects Leyba's conviction for carrying a concealed dagger and that he was sentenced on September 15, 2005 to thirty-two months in prison. Leyba testified that he thought he had served all two years on the robbery, but that would conflict with his September 15, 2005 sentencing date. Leyba obviously did not serve all two years because he was not in prison when he was arrested for carrying the knife; he said that he was living with his girlfriend in California and was carrying an "onion knife" for protection when he was stopped by police and was found to be in possession of the knife. Leyba also said that California paroles convicts after they have served eighty percent of their sentence, so if he was released after serving eighty percent of his two-year sentence, there was time for him to be arrested for and convicted on the dagger charge on September 15, 2005. The jury was thus permitted to find that Leyba was mistaken that he had served the full two years of his robbery sentence and that the knife-carrying offense occurred after he had been released from prison on his robbery sentence. There

was legally sufficient evidence that the second felony conviction was for an offense committed after the date that the first felony conviction became final.[1] We overrule issue three.

Having overruled all of Leyba's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 12, 2011
Do not publish
[CRPM]

---

[1] The State further notes that California enhancement law is similar to Texas law and that, for the concealed-dagger offense to be enhanced by the prior robbery conviction, the prior prison term for the robbery conviction must have been found true in the trial of the concealed-dagger offense. *See* CAL. PENAL CODE §§ 667(b), 667.5(d).