

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00116-CR

_____

ANDRE NORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-437,508; Honorable Brad Underwood, Presiding

October 21, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Andre Norris, was convicted by a jury of aggravated robbery, enhanced, and assessed a sentence of thirty-five years confinement and a fine of $2,500.[1]  In two points of error, Appellant asserts the trial court erred by (1) giving an

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).  An offense under this section is a felony of the first degree.  As enhanced, the offense was punishable by imprisonment for life, or for any term of not more than 99 years or less than 15 years, and a fine not to exceed $10,000.  *See* TEX. PENAL CODE ANN. §§ 12.42 (c)(1) and 29.03(b) (West Supp. 2014 and West 2011).

incomplete or erroneous instruction on the use of a deadly weapon and (2) failing to give an instruction on the lesser-included offense of robbery. We affirm.

BACKGROUND

In February 2013, an indictment issued alleging that Appellant, on or about October 6, 2011, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threatened or placed Michael Lusk in fear of imminent bodily injury or death, and in the course thereof used or exhibited a deadly weapon, to-wit: a firearm. Count two of the indictment alleged that, on the same date, Appellant intentionally and knowingly entered a habitation, without the effective consent of Lusk, the owner thereof, and committed the felony offense of aggravated assault.[2]

The evidence at trial established that on October 6, 2011, Lusk returned to his residence from work to find a light on in his master bedroom. When he reached the bedroom, a young man appeared in the doorway and pointed a shotgun at him. The man was working the bolt action on the gun and told Lusk to be still or be killed. Lusk believed the man was going to shoot him and ducked behind a wall—afraid for his safety. He then realized the shotgun being wielded by the intruder was one he kept in his bedroom closet. Normally, the gun was unloaded; however, Lusk realized that it was kept within three feet of its ammunition. When the man walked past him in the hallway, Lusk grabbed the barrel of the gun and wrestled with the man. Ultimately, the intruder was able to flee the residence. Lusk attempted to follow the man into his

---

[2] Simultaneous with the entry of judgment as to count one, the trial court granted the State's motion to dismiss count two of the indictment.

backyard but lost him in the alleyway. Lusk then called 911 and Lubbock County Police officers arrived to secure the crime scene and commence a search for the intruder. During the investigation, broken glass was discovered on both sides of Lusk's backdoor and the intruder's ball cap was located. The bedroom was in disarray and jewelry worth $5,000 was missing. Lusk was unable to identify the man who broke into his house, explaining that during the encounter he was more concerned with securing the shotgun than looking at the intruder.

As part of their investigation, officers photographed the damage to Lusk's house and interior disarray. They also collected the ball cap for DNA analysis and lifted fingerprints off broken glass shards originating in and around Lusk's backdoor. At trial, testimony established that fingerprints lifted from the broken glass were identified as belonging to Norris, and Daniel Lindley, a DPS forensic scientist, testified that DNA from the ball cap was a "match" for Norris.[3] After the State rested, Appellant rested without putting on any evidence.

During the charge conference, Norris requested a limiting instruction concerning the fingerprint evidence produced by the State. That request was denied. Norris also requested an instruction on the lesser-included offense of robbery and then modified that request to include the lesser-included offense of criminal trespass. That request was also denied.

As presented to the jury, the abstract portion of the jury charge stated a "person commits the offense of robbery if, in the course of committing theft . . . and with intent to

---

[3] Lindley testified that the odds of finding someone at random having the same DNA result would be one in fifty million.

3

obtain or maintain control of property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury." The jury charge went on to state that "[t]he offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon" and "[a] firearm is a deadly weapon."

The application portion of the charge stated, in pertinent part, as follows:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about October 6, 2011, in Lubbock County, Texas, as alleged in the indictment, the defendant, Andre Norris, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Michael Lusk in fear of imminent bodily injury or death and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of the offense of aggravated robbery and so say you by your verdict. If you have a reasonable doubt as to whether the defendant is guilty, then you should acquit the defendant and say by your verdict "Not guilty."

Upon submission, the jury found Norris guilty of aggravated robbery. Following the punishment phase of the trial, the jury found the punishment enhancement allegation to be true and sentenced him to thirty-five years confinement and a fine of $2,500. This appeal followed.

STANDARD OF REVIEW

In analyzing a jury-charge issue, we first determine if error occurred, and, if so, we then conduct a harm analysis. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. 2005). The degree of harm required for reversal depends on whether the appellant has preserved error by objection. *Id.* A jury-charge error requires reversal when, after proper objection, the appellant suffers "some harm" to his rights. *Id.; Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g), *reaffirmed by, Middleton v.*

4

*State,* 1215 S.W.3d 450, 453 (Tex. Crim. App. 2003). If an appellant fails to object at trial and offers no objections to the charge, charge error does not require reversal unless appellant shows "egregious harm." *Almanza*, 686 S.W.2d at 174.

POINT OF ERROR ONE: DEADLY WEAPON INSTRUCTION

Because there was evidence at trial that Lusk's shotgun *may* have been unloaded, Appellant asserts on appeal the trial court should have included an instruction in its charge that a "deadly weapon" means a firearm if "you [the jury] find that in the manner of its use or intended use it was capable of causing death or serious bodily injury." At trial, Appellant did not object to the trial court's "deadly weapon" instruction, nor did he request this additional instruction.

The trial court submitted its deadly weapon instruction under Section 1.07(a)(17)(A) of the Texas Penal Code. *See* TEX. PEN. CODE ANN. § 1.07(a)(17)(A) (West Supp. 2014) ("'Deadly Weapon' means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury."). Lusk testified that, during the robbery, Appellant was carrying a shotgun, pointed it at him, worked the gun's bolt action, and threatened to kill him, and he was afraid for his safety. Because Appellant did not object to the trial court's "deadly weapon" instruction and did not request any additional instructions in that regard, error, if any, does not require reversal unless he is able to show "egregious harm." *See Almanza*, 686 S.W.2d at 171.

Since the adoption of the Penal Code in 1974, the issue of whether an object is a deadly weapon is entirely controlled by legislation, *Thomas v. State*, 821 S.W.2d 616, 619 (Tex. Crim. App. 1991), and trial judges are not at liberty to omit the statutory

5

definition of "deadly weapon" from their jury instructions under any circumstances where it is the law applicable to the case. *Id.* Under section 1.07(a)(17)(A) of the Penal Code, an object meets the statutory definition of a deadly weapon if it is a firearm. TEX. PEN. CODE ANN. § 1.07(a)(17)(A) (West Supp. 2014). Accordingly, if the State proves at trial that an object is in fact a firearm, the State need not "show that the object [is] really capable of causing death, either in the manner of its actual use or in the manner of its intended use." *Thomas,* 821 S.W.2d at 620. *See Hammons v. State,* 856 S.W.2d 797, 800 (Tex. App.—Fort Worth 1993, pet. ref'd) ("Once such a showing is made, the State need not verify that the object was actually capable of causing death.").

Here, the State introduced testimony corroborated by photographs illustrating that Appellant carried and threatened Lusk with a shotgun during the robbery. *See Gregg v. State,* 820 S.W.2d 191, 193 (Tex. App.—Fort Worth 1991, no pet.) (shotgun is a deadly weapon *per se*); *Rodriguez v. State,* 644 S.W.2d 200, 203 (Tex. App.—San Antonio 1982, no pet.) (a sawed-off shotgun is a firearm and by definition a deadly weapon). Hence, there was no need for the jury to find, as suggested by Appellant, that the shotgun was really capable of causing death or serious bodily injury, either in the manner of its actual use or in the manner of its intended use, *see Thomas,* 821 S.W.2d at 620; *Hammons,* 856 S.W.2d at 800, in order for the jury to find the shotgun was in fact a "deadly weapon."

Indeed, the issue for the jury here was whether the shotgun was "used" (employed or utilized in order to achieve its purpose) or "exhibited" (consciously displayed) during the commission of the robbery. *See Boston v. State,* 373 S.W.3d 832, 837 (Tex. App.—Austin 2012), *aff'd,* 410 S.W.3d 321 (Tex. Crim. App. 2013) ("the mere

6

carrying of a weapon during a robbery can be legally sufficient evidence for a jury to conclude that the intended use of the weapon was that it be capable of causing death or serious bodily injury"). *See also Polk v. State,* 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) ("If the trier of fact finds that a pistol has been used in the commission of the offense . . . then it has found that a deadly weapon has been used since a pistol is a deadly weapon per se."). Accordingly, we find the trial court did not err in its "deadly weapon" instruction and overrule Appellant's first point of error.

### POINT OF ERROR TWO: LESSER-INCLUDED OFFENSE INSTRUCTION

Appellant next asserts the trial court erred by not giving a lesser-included offense instruction for robbery[4] because there were material issues whether Appellant used or exhibited a deadly weapon in light of testimony that the shotgun might be unloaded. This issue is simply a rehash of Appellant's first point of error.

Robbery is a lesser-included offense of aggravated robbery. *See Penaloza v. State,* 349 S.W.3d 709, 711 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). *See also Alonzo v. State*, No. 07-12-00244-CR, 2014 Tex. App. LEXIS 3703, at *13 (Tex. App.— Amarillo Apr. 7, 2014, pet. ref'd) (mem. op., not designated for publication). With the first prong of our test satisfied, we must next determine whether there is some evidence presented from which a jury could rationally find that Appellant is guilty of robbery but not guilty of aggravated robbery. *See Wesbrook v. State,* 29 S.W.3d 103, 113 (Tex. Crim. App. 2000) (*en banc).*

---

[4] A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control over the property, he intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(1), (2) (West 2011). A person commits aggravated robbery if he commits robbery *and* uses or exhibits a deadly weapon. *See id.* § 29.03(a)(2) (emphasis added).

7

Having considered all the evidence at trial, we find there is *no* evidence contradicting Lusk's testimony that a shotgun was carried by Appellant during the robbery and that he was threatened with the weapon and feared for his safety. As such, there is not a scintilla of evidence indicating a deadly weapon was not used or exhibited during the robbery. *Hampton v. State,* 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) ("[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.").

Accordingly, the trial court did not err in refusing to submit Appellant's requested lesser-included offense instruction because Appellant has not established that some evidence in the record supports a finding that, if he was guilty, he was guilty solely of the lesser-included offense of robbery. *See Young v. State,* 428 S.W.3d 172, 178 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Appellant's second point of error is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.