Manuel Duran FRAUSTO, Appellant,

v.

The STATE of Texas, Appellee.

No. 61985.

Court of Criminal Appeals of Texas, Panel 3.

Dec. 15, 1982.

Mike Thompson, Michael C. Crowley, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DALLY, W.C. DAVIS and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation. Appellant's guilt was determined by a jury, which also assessed his punishment at imprisonment for 23 years.

Appellant complains in two related grounds of error that the prosecutor was permitted to inform the jury panel, during voir dire proceedings, of the substance of the enhancement paragraph contained in the indictment.[1] Appellant made a timely and adequate objection to the prosecutor's remarks. We hold that his objection should have been sustained, rather than overruled, by the trial court. We will reverse.

During the voir dire examination of the jury panel, the prosecutor first qualified the prospective jurors on their ability to consider the entire range of punishment for a first degree felony, i.e., imprisonment for five to ninety-nine years of life.[2] He then made the following remarks, which were interrupted by appellant's objection:

Okay. Now, ladies and gentlemen, in this case the defendant is, like I have told you, charged with the offense of burglary of a habitation. But the State of Texas has further charged in its indictment that on or about the 6th day of February, of 1974, in the 34th Judicial District Court of El Paso County, Texas, in cause number 27445–205, the said Manuel Frausto was legally convicted of a felony—

After the trial court somewhat reluctantly overruled appellant's objection to the above, the prosecutor continued as follows:

Now, ladies and gentlemen, as I was saying, the State further alleges in this

---

1. The enhancement paragraph of the indictment reads as follows:

   And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said MANUEL DURAN FRAUSTO, to-wit: on the 6th day of February, A.D., 1974, in the 34th Judicial District Court of El Paso County, Texas, in cause number 27,445–205, on the docket of said Court, the said MANUEL DURAN FRAUSTO under the name of MANUEL FRAUSTO was duly and legally convicted in

said last named court of a felony, to-wit: Burglary, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said MANUEL DURAN FRAUSTO, prior to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof . . .

2. See V.T.C.A. Penal Code, Sec. 12.32.

**508**

same indictment where we allege that this man, Frausto, burglariezed (sic) the home of Mrs. Winfree, we further allege in that indictment that in 1974 in the 34th Judicial District Court in cause number 27445, that the said Manuel Duran Frausto, under the name of Manuel Frausto, was duly and legally convicted in said last named Court of a felony, to-wit: burglary.

The prosecutor then explained that the range of punishment would be imprisonment for fifteen to ninety-nine years or life, if the State succeeded in proving the allegations contained in the enhancement paragraph.[3] He also qualified several individual jurors on their ability to consider this entire range of punishment, before moving on to other matters.

As it turned out, the jury actually had no occasion to consider the accuracy of the enhancement paragraph allegations. Appellant argued a motion to quash that paragraph in the trial court, immediately after receipt of the jury's verdict of guilt. Appellant contended in that motion that although the indictment alleged that he had previously been convicted upon an indictment,[4] he had actually been convicted upon a complaint and information. Furthermore, it was shown that the complaint was unsworn. The trial court granted appellant's motion to quash, as well as the prosecutor's motion to dismiss the enhancement paragraph. The jury was charged on the range of punishment for an unenhanced first degree felony.

In one of his two pertinent grounds of error, appellant particularly emphasizes the fact that the enhancement paragraph was dismissed, after its contents were communicated to the jury. We do not consider this fact essential to our decision, as the ruling on appellant's objection was either correct or erroneous at the time it was made, notwithstanding subsequent developments. But the fact of the dismissal of the enhancement paragraph does serve to highlight the danger of permitting the prosecu-

tion to inform the jury panel of alleged prior convictions before the guilt stage of trial has even commenced.

The first section of Art. 36.01, V.A.C.C.P., entitled "Order of Proceeding in Trial," reads as follows:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

As was stated in *Cox v. State*, 422 S.W.2d 929 (Tex.Cr.App.1967), "There can be no doubt that the provisions of Art. 36.01(1), *supra*, were designed to serve a salutary purpose and should be strictly complied with by all prosecutors." The purpose is prevention of the extreme prejudice which would almost inevitably result from an announcement at the outset of the proceedings that the State believes that the defendant was previously convicted of a particular offense at a particular time and in a particular court. Violation of this mandatory provision will result in reversal. *Heredia v. State*, 508 S.W.2d 629 (Tex.Cr. App.1974).

In the instant case, the prosecutor recounted virtually all of the allegations contained in the enhancement paragraph of the indictment, including the offense, cause number, date and court of conviction. We conclude that the prosecutor's statement to the jury panel was the functional equivalent of reading to the jury panel the enhancement paragraph to the jury, a violation within the meaning and scope of Art. 36.01(1), V.A.C.C.P. This constituted reversible error.

The State predictably argues that under prior decisions of this Court, it may inform the jury panel of the range of punishment applicable to a felony offense enhanced by a prior felony conviction. It particularly re-

---

**3.** See V.T.C.A. Penal Code, Sec. 12.42(c).

**4.** See footnote 1, *supra*.

lies on *Bevill v. State,* 573 S.W.2d 781 (Tex. Cr.App.1978). The Court in *Bevill,* however, did not place its stamp of approval on the practice of informing the jury panel of the existence of the prior conviction itself. This distinction was clarified in *Martinez v. State,* 588 S.W.2d 954 (Tex.Cr.App.1979), where the Court stated:

> Statements of the rule in, e.g., *Castillo v. State,* 494 S.W.2d 844, 845 (Tex.Cr.App. 1973) and *Heredia v. State,* 508 S.W.2d 629 (Tex.Cr.App.1974), that enhancement allegations must not be read to the jury at the outset of trial are not contradicted by the holding in *Bevill* that both the State and the accused have the right "to inform" the jury of the range of punishment applicable to an enhanced offense under Section 12.42(a), (b) or (c), [V.A.C. C.P.], and to qualify it on the full range of punishment. Certainly, one can *inform* generally of applicable punishment without *reading* the precise allegations for enhancement, and thereby avoid what some have regarded as jeopardizing the presumption of innocence. (Emphasis in original.)

■ To reiterate, a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment.

■ The State also argues that if any error occurred during the voir dire proceedings, it was cured by the trial court's cautionary instructions in its charge to the jury.[5] The first instruction relied upon by the State, reproduced in footnote 5, Id., applied only to the jury's consideration of "testimony" indicating appellant's commission of extraneous offenses.[6] The prosecutor's voir dire remarks did not constitute "testimony". The second instruction relied upon by the State, see footnote 5, is far too vague and ambiguous to dispel the prejudice created in a burglary case by informing the jury at the outset of the proceedings that the defendant was a convicted burglar. The error was neither harmless nor cured by instruction, and appellant's first and second grounds of error are sustained.[7]

The judgment of conviction is reversed and the cause remanded.

5. One instruction relied upon by the State without doubt pertains to an extraneous offense that was admitted in evidence during the trial and does not concern the alleged prior conviction. It reads as follows:

> You are instructed that if there is any *testimony* before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said *testimony* for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the identity of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose. [Emphasis Added]

The other instruction the State relies upon reads as follows:

> During your deliberations, you must not consider, discuss, or relate any matters not in evidence before you.

6. As noted in footnote 5, an extraneous offense, a burglary, was admitted in evidence to establish appellant's identity as the burglar in this case. However, it is almost totally devoid of circumstances, "so nearly identical in method as to earmark them as the handiwork of the accused", to make it admissible on the issue of identity. *Collazo v. State,* 623 S.W.2d 647 (Tex.Cr.App.1981). In the event of a retrial of this cause, the State should reconsider whether sufficient "distinctive characteristics" mark the two offenses as to make the extraneous burglary admissible in evidence.

7. Appellant also requests dismissal of the indictment pursuant to the Speedy Trial Act, see Chapter 32A, V.A.C.C.P., but the State clearly announced its readiness for trial within 120 days of July 1, 1978, the effective date of the Act, see *Wade v. State,* 572 S.W.2d 533 (Tex. Cr.App.1978), and this announcement was not rebutted by the appellant.