Ex parte John Cornelius Montgomery















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-256-CV
No. 10-00-259-CV

EX PARTE JOHN MONTGOMERY


 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      On August 16, 2000, appellant was notified that these causes, filed on July 24, would be
dismissed if proof of service was not made within ten (10) days. Tex. R. App. P. 9.5(d). To
date, the requested proof of service upon all persons required to be served has not been made. 
Therefore, this cause is dismissed. See id. 42.3(c).
 

                                                                                 PER CURIAM


Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Dismissed 
Opinion delivered and filed August 30, 2000
Do not publish



 asserts that the court mistakenly allowed the
State's peremptory strike against a black venireperson. He argues that the reason given for the
strike was not sufficiently race neutral. Finally, in his third point, Lister contends that one of the
prior convictions is invalid because the indictment in the case does not allege an offense.
THE CHART
      In his first point, Lister complains that the court allowed the prosecutor to use a chart during
voir dire showing successive increases in the range of punishment assessable based on the number
of prior convictions. He argues that the chart informed the jury of the two prior convictions
alleged in the indictment for enhancement.
      Allowing counsel to explain the potential ranges of punishment assists them in deciding which
jurors should be struck peremptorily. Bevill v. State, 573 S.W.2d 781, 783 (Tex. Crim. App.
1978). A prosecutor should not disclose the enhancement paragraphs in an indictment to the jury
before the punishment hearing is held. Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon 1987);
Frausto v. State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982). However, both parties have the
right to question the jury and inform the potential jurors during voir dire of the ranges of
punishment available during the sentencing phase of the case if enhancement circumstances are to
be proved by the state. Counsel may not, during voir dire, allude to specific allegations of the
defendant's prior convictions. Frausto, 642 S.W.2d at 509. 
      Lister argues that the court erred in overruling his objection to a chart that allowed the jury
to infer prior convictions thus indirectly informing them of such. The chart at issue read as
follows:
Punishment
3rd Degree Felony
2-10 years
$10,000 fine
1 Prior Felony Conviction
2-20 years
$10,000 fine
2 Prior Felony Convictions
25-99 years/life
The court allowed the State to illustrate on a tangible medium what was permissible orally, i.e.,
qualifying the prospective jurors on the full range of punishment without disclosing the details of
the enhancement paragraph. 
      We find Lister's argument to be without merit. See Davis v. State, 630 S.W.2d 769, 772
(Tex. App.—Houston [1st Dist.] 1982, pet. ref'd) (no error in permitting the prosecutor to
question the jury panel on the range of punishment, when appellant alleged that it indirectly
informed the jury that he was previously convicted); see also Daughtery v. State, 652 S.W.2d 569
(Tex. App.—Fort Worth 1983, pet ref'd). The record does not reflect, nor does Lister allege, that
the prosecutor mentioned Lister's prior convictions during voir dire. Thus, we find no error in
the court allowing the State to use a chart during voir dire when the defendant's prior convictions
are not discussed or disclosed. See Frausto, 642 S.W.2d at 509. We overrule point one. 
THE BATSON CHALLENGE
      Lister contends as his second point that the court, in allowing the State's peremptory strike
against the only black venireperson, denied him equal protection of the laws. See Batson v.
Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Criminal Appeals
in Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App.), cert. denied, 111 S.Ct. 2875 (1991),
allocates the respective burdens of the parties involved in a Batson case as such:
(1) Did the appellant at the Batson hearing introduce sufficient evidence to establish a
prima facie case that the State has engaged in purposeful racial discrimination by the use
of peremptory challenges?; (2) if so, has the prosecution come forward with a neutral
explanation for challenging black jurors?; and (3) if the prosecution has sustained his
burden of production, as specified, has the appellant continued to sustain his burden of
persuasion in establishing purposeful racial discrimination . . . thus rebutting any race
neutral explanation given at the Batson hearing.
See also Keeton v. State, 749 S.W.2d 861 (Tex. Crim. App. 1988); Whitsey v. State, 796 S.W.2d
707 (Tex. Crim. App. 1990).
      In assessing the race-neutral reasons offered by the State, the court may consider factors such
as: 1) the reason given for the peremptory challenge is not related to the facts of the case; 2) lack
of meaningful questions to the challenged juror; 3) disparate treatment in not striking jurors with
similar characteristics; 4) disparate examination of venirepersons; 5) an explanation of group bias
where that trait is not shown attributable to the venireperson specifically. Whitsey, 796 S.W.2d
at 713 (restated in Williams, 804 S.W.2d at 106).
      At the Batson hearing, the State offered as a race-neutral explanation for the strike the
venireperson's inattentiveness and sleeping during the voir dire proceedings. The State further
pointed out that a second non-black venireperson was struck for similar reasons. Courts have
consistently held that inattentiveness is a sufficiently race-neutral reason to exercise a peremptory
strike. Moore v. State, 811 S.W.2d 197, 199 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd)
(citing Daniels v. State, 768 S.W.2d 314, 317 (Tex. App.—Tyler 1988, pet. ref'd)); Ivatury v.
State, 792 S.W.2d 845, 847 (Tex. App.—Dallas 1990, pet. ref'd) (court upheld peremptory strike
where juror kept "dozing off"); Holman v. State, 772 S.W.2d 530 (Tex. App.—Beaumont 1989,
no pet.); United States v. Ratcliffe, 806 F.2d 1253 (5th Cir. 1986), cert denied, 481 U.S. 1004,
107 S.Ct. 1625, 95 L.Ed.2d 199 (1987) (striking black juror for falling asleep during jury
selection was one of several acceptable race-neutral reasons). Also, the State's equal treatment
of another venireperson was a factor appropriate for consideration.
      Given that there existed a sufficient race-neutral reason for the strike, Lister assumes the
further burden of impeaching the prosecutor on cross-examination or showing that the reasons
given were simply impermissible pretext for a racially discriminatory strike. Rather than carry
this burden, Lister simply expressed disagreement that inattentiveness and comparison with
another venireperson were legally sufficient to rebut his initial prima facie showing. "It was
appellant's burden to do more than simply state his disagreement with some of the prosecutor's
explanations; he was required to prove affirmatively that the prosecutor's racially neutral
explanations were a sham or pretext." Straughter v. State, 801 S.W.2d 607 (Tex. App.—Houston
[1st Dist.] 1990, no pet.). Lister failed in his burden. Therefore, the court's determination that
inattentiveness was a sufficient race-neutral explanation was not clearly erroneous. We overrule
the second point.
THE INDICTMENT
      Lister contends in his third point that the indictment in one of his prior felony convictions,
burglary, was fatally flawed in that it failed to allege entry into the building "with the intent to
commit theft" and thus should not have been used for enhancement. The indictment at issue
alleged that Lister did "intentionally and knowingly enter a building not then open to the public
without the effective consent of FRANK CHARLES RIBARDO, owner, and committed theft."
(emphasis added).
      Everything necessary to be proven at trial should be stated in the indictment. Tex. Code
Crim. Proc. Ann. art. 21.03 (Vernon 1989). Section 30.02 of the Penal Code sets out burglary
as follows:
(a) A person commits an offense if, without the effective consent of the owner, he:
(1) enters a habitation, or a building . . . with intent to commit a felony or theft; or
(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony or theft. 
Tex. Penal Code Ann. § 30.02(a) (Vernon 1989) (emphasis added).
      The burglary conviction at issue was for a violation of section 30.02(a), subsection 3. In
alleging a violation under subsection 3, it is not necessary for the indictment to read "with intent
to commit theft" as would be necessary under subsections 1 and 2. "Committed theft" is sufficient
to allege burglary under subsection 3. See Rivera v. State, 808 S.W.2d 80, 92 (Tex. Crim. App.),
cert. denied, U.S. , 112 S.Ct. 279, 116 L.Ed.2d 231 (1991); see also Davila v. State, 547
S.W.2d 606, 608 (Tex. Crim. App. 1977). Lister's third point is overruled.
      We affirm the judgment.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 16, 1993
Do not publish