TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00411-CR






Vincent Scott Brooks, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 02-335-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Vincent Scott Brooks guilty of aggravated assault and burglary
of a habitation. See Tex. Pen. Code Ann. § 22.02 (West Supp. 2004), § 30.02 (West 2003). The jury
assessed punishment for each offense, enhanced by a previous felony conviction, at fifty years'
imprisonment. Brooks's only point of error complains of jury selection error. We will overrule this
point and affirm.

At issue is this settled rule: "[A] prosecutor may inform the jury panel [during voir
dire] of the range of punishment applicable if the State were to prove a prior conviction for
enhancement purposes, but it may not inform the jury of any of the specific allegations" regarding
the defendant's criminal record. Frausto v. State, 642 S.W.2d 506, 509 (Tex. Crim. App. 1982). 
In other words, the State may qualify the panelists on the enhanced range of punishment but may not
discuss with them the defendant's alleged criminal record. Brooks contends the State violated this
rule through the use of hypothetical questioning.

The prosecutor approached the subject of punishment by first explaining to the panel
that the legislature has prescribed a range of punishment for each crime, thereby allowing the
punishment for any given offense to be tailored to the circumstances of the offense and the offender. 
She continued, "So let me just talk about another issue that might come up. I'm not saying it will
or won't in this case; just hypothetically. If you did hear that somebody had a prior felony
conviction, maybe they've been to prison --." Defense counsel interrupted and, at the bench, told
the court, "I think she's getting ready to talk about criminal history, and I don't think that's
appropriate." The court admonished the prosecutor to discuss this issue hypothetically and to
"[m]ake sure nothing about this case is talked about in voir dire. That's what the case law says." 
The prosecutor then continued her voir dire:


Back to what I was talking about. Like I said, we're not talking about this case. You
know, you may hear evidence, you may not. But hypothetically, if you were to hear
in a case that somebody who committed either one of these felony offenses had been
convicted before of a felony offense, maybe hypothetically if you heard that
somebody had been to prison once before, what that does to this one, the first degree
jumps up to 15 to life. From five to life, it jumps up to 15 to life. And in the second
degree felony, an aggravated assault becomes a first degree felony if you were to hear
that evidence.



When the prosecutor asked the panelists if they could consider the full range of punishment, one
responded, "I think in this case, with a prior felony conviction, I do not think I could look at the
small end of it." The prosecutor reminded the panelist that "we're not necessarily saying one way
or the other in this case." The panelist replied, "I'm answering your hypothetical."

Brooks concedes that similar statements during voir dire have been held not to violate
Frausto. See Martin v. State, 780 S.W.2d 497, 501 (Tex. App.--Corpus Christi 1989, pet. ref'd);
Felton v. State, 659 S.W.2d 482, 484 (Tex. App.--Dallas 1983, pet. ref'd). Nevertheless, he argues
that the prosecutor's voir dire was improper because "while the State informed the jury that it might
hear evidence about 'somebody's criminal history,' 'somebody' wasn't on trial. Brooks was the only
one on trial, and anyone with an intelligence quota greater than that of a sea slug would know that
the 'somebody' the State was talking about was Appellant."

Brooks's argument is more properly directed against the Frausto rule itself rather than
against the prosecutor's remarks in this cause. A thoughtful jury panelist in any prosecution might
reasonably infer that the prosecutor would not be discussing an enhanced punishment range unless
that issue was going to arise. Yet Frausto says that informing the panel of the enhanced range of
punishment is not error so long as the panel is not told the specifics of the defendant's record. 642
S.W.2d at 509. In the cause now before us, the enhancement allegations were not read to the jury
panel, and the panel was not otherwise told of Brooks's criminal record. The prosecutor's voir dire
was sanctioned by Frausto and was not improper.


The point of error is overruled and the judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 20, 2004

Do Not Publish