# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00411-CR

**Vincent Scott Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 02-335-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Vincent Scott Brooks guilty of aggravated assault and burglary of a habitation. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2004), § 30.02 (West 2003). The jury assessed punishment for each offense, enhanced by a previous felony conviction, at fifty years' imprisonment. Brooks's only point of error complains of jury selection error. We will overrule this point and affirm.

At issue is this settled rule: "[A] prosecutor may inform the jury panel [during voir dire] of the range of punishment applicable if the State were to prove a prior conviction for

enhancement purposes, but it may not inform the jury of any of the specific allegations" regarding the defendant's criminal record. *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. 1982). In other words, the State may qualify the panelists on the enhanced range of punishment but may not discuss with them the defendant's alleged criminal record. Brooks contends the State violated this rule through the use of hypothetical questioning.

The prosecutor approached the subject of punishment by first explaining to the panel that the legislature has prescribed a range of punishment for each crime, thereby allowing the punishment for any given offense to be tailored to the circumstances of the offense and the offender. She continued, "So let me just talk about another issue that might come up. I'm not saying it will or won't in this case; just hypothetically. If you did hear that somebody had a prior felony conviction, maybe they've been to prison —." Defense counsel interrupted and, at the bench, told the court, "I think she's getting ready to talk about criminal history, and I don't think that's appropriate." The court admonished the prosecutor to discuss this issue hypothetically and to "[m]ake sure nothing about this case is talked about in voir dire. That's what the case law says." The prosecutor then continued her voir dire:

> Back to what I was talking about. Like I said, we're not talking about this case. You know, you may hear evidence, you may not. But hypothetically, if you were to hear in a case that somebody who committed either one of these felony offenses had been convicted before of a felony offense, maybe hypothetically if you heard that somebody had been to prison once before, what that does to this one, the first degree jumps up to 15 to life. From five to life, it jumps up to 15 to life. And in the second degree felony, an aggravated assault becomes a first degree felony if you were to hear that evidence.

2

When the prosecutor asked the panelists if they could consider the full range of punishment, one responded, "I think in this case, with a prior felony conviction, I do not think I could look at the small end of it." The prosecutor reminded the panelist that "we're not necessarily saying one way or the other in this case." The panelist replied, "I'm answering your hypothetical."

Brooks concedes that similar statements during voir dire have been held not to violate *Frausto*. *See Martin v. State*, 780 S.W.2d 497, 501 (Tex. App.—Corpus Christi 1989, pet. ref'd); *Felton v. State*, 659 S.W.2d 482, 484 (Tex. App.—Dallas 1983, pet. ref'd). Nevertheless, he argues that the prosecutor's voir dire was improper because "while the State informed the jury that it might hear evidence about 'somebody's criminal history,' 'somebody' wasn't on trial. Brooks was the only one on trial, and anyone with an intelligence quota greater than that of a sea slug would know that the 'somebody' the State was talking about was Appellant."

Brooks's argument is more properly directed against the *Frausto* rule itself rather than against the prosecutor's remarks in this cause. A thoughtful jury panelist in any prosecution might reasonably infer that the prosecutor would not be discussing an enhanced punishment range unless that issue was going to arise. Yet *Frausto* says that informing the panel of the enhanced range of punishment is not error so long as the panel is not told the specifics of the defendant's record. 642 S.W.2d at 509. In the cause now before us, the enhancement allegations were not read to the jury panel, and the panel was not otherwise told of Brooks's criminal record. The prosecutor's voir dire was sanctioned by *Frausto* and was not improper.

3

The point of error is overruled and the judgment of conviction is affirmed.


_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   May 20, 2004

Do Not Publish

4