

NUMBER 13-13-00527-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIAS GARCIA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

By eight issues, appellant Elias Garcia appeals his conviction and sentence for

burglary of a habitation, a second-degree felony enhanced to a first-degree felony by the

habitual offender statute. *See* TEX. PENAL CODE ANN. §§ 30.02(a), (c)(2), 12.42(b) (West,

Westlaw through 2013 3d C.S.). The State alleged that appellant broke into the house of Andrew Scafidi, a professional security guard, and stole several firearms. The case was tried to a jury, which returned a verdict of guilty and assessed punishment at sixty-five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. We affirm.

## I. DISCUSSION

The State asserts that all of appellant's issues are multifarious. We agree. A multifarious issue "is one that embraces more than one specific ground." *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). "By combining more than one contention in a single point of error, an appellant risks denial on the ground that the issue is multifarious and presents nothing for review." *Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd). We have discretion to "refuse to review a multifarious issue or we may elect to consider the issue if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made." *Gilley v. State*, 418 S.W.3d 114, 119 n.19 (Tex. Crim. App. 2014) (quoting *Prihoda*, 352 S.W.3d at 801); *accord Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010) ("Because appellant bases his single point of error on more than one legal theory, his entire point of error is multifarious."). To the extent that we can discern an issue in the brief, it is that he purportedly received ineffective assistance of counsel. We will address this issue in the interest of justice. *See Davis*, 329 S.W.3d at 803.

### A. Standard of Review and Applicable Law

We evaluate claims of ineffective assistance of counsel under the strict standards set forth by the United States Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *see Foley v. State*, 327 S.W.3d 907, 913 (Tex. App.—Corpus Christi 2010,

2

pet. ref'd). Under the *Strickland* standard, appellant must show by a preponderance of evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland*, 466 U.S. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (quoting *Strickland*, 466 U.S. at 694). Appellate courts may address either prong first, and if an appellant fails to prove one prong of the test, we do not need to address the other prong. *Id.*

When evaluating the quality of trial counsel's representation, we look to "the totality of the representation and the particular circumstances of each case." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Even though "a single egregious error of omission or commission" can constitute ineffective assistance, the Texas Court of Criminal Appeals has been hesitant to designate any particular error as ineffective assistance per se. *Id.* We apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Direct appeal is usually inadequate

to make an ineffectiveness claim because the record is frequently undeveloped in this respect. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Cox,* 389 S.W.3d at 819 n.11 (observing that "a reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective-assistance claim"). Without evidence of trial counsel's strategy, "an appellate court will assume a strategic motivation and will not conclude that the challenged conduct was deficient unless it was so outrageous no competent attorney would have engaged in it." *Ozuna v. State*, 199 S.W.3d 601, 612 (Tex. App.—Corpus Christi 2006, no pet.) (citing *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

### B. Analysis

Appellant argues that he received ineffective assistance of counsel as a result of five alleged omissions.[1] However, the record is silent as to counsel's reasons for failing to perform these actions, and a silent record is generally insufficient to support an ineffective assistance of counsel claim. *See Goodspeed*, 187 S.W.3d at 392; *Rylander*,

---

[1] Appellant alleges that his counsel performed unreasonably because he did not:

(1) object to the prosecutor making "too many remarks about the amount of the possible range of punishment . . . in the event that appellant was found guilty, that gave too strong a hint that appellant was a convicted felon";

(2) object when a jury member referred to appellant as a "habitual" as a result of those remarks;

(3) object when the State offered latent print cards that had been taken at the crime scene because the envelope that contained the print cards included a print out from the "Evidence Locke" computer system which mentioned that appellant was also charged with unauthorized use of a motor vehicle;

(4) call Mrs. Scafidi and her friend Vicki Cashion as witnesses to impeach Mr. Scafidi's testimony and statements to the police that no one in his family knew appellant;

(5) offer additional alternative explanations for how appellant's fingerprints came to be on Mr. Scafidi's gun cabinet.

107 S.W.3d at 110–11; *Foley*, 327 S.W.3d at 913. Moreover, we note that appellant cannot establish deficient performance from the first alleged omission because our review of the record indicates that the State did nothing more than attempt to qualify the jury on the full range of punishment that would be available if the State proved a prior offense for enhancement purposes, something either party may do. *See Barnett v. State*, 344 S.W.3d 6, 20 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. [Panel Op.] 1982)); *accord Aschraft v. State*, 900 S.W.2d 817, 832 (Tex. App.—Corpus Christi 1995, pet. ref'd).

Regarding the second and third alleged omissions, counsel's failure to object, appellant has not addressed whether the trial court judge would have committed error in overruling the objections.[2] Regarding the fourth alleged omission, appellant cannot establish deficient performance because he has not established that he would have benefited from the testimony of the witnesses he argues his counsel should have called to testify.[3] Regarding the fifth alleged omission, appellant asserts that his counsel did not offer an additional alternative explanation for how appellant's fingerprints were at the scene of the crime, but we cannot second guess appellant's trial counsel without giving

---

[2] *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (holding that in order "[t]o show ineffective assistance of counsel for the failure to object during trial," an appellant "must show that the trial judge would have committed error in overruling the objection"); *accord Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

[3] The Texas Court of Criminal Appeals has held that "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). If appellant demonstrates both of those things, he must also demonstrate that there is a reasonable probability that the witnesses' testimony would have affected the result of the trial. *Id.*

Appellant asserts that the testimony of Mrs. Scafidi and Cashion would have impeached the testimony of Mr. Scafidi that no one in his family knew appellant, but appellant does not explain how contradicting Mr. Scafidi on these matters would have affected the outcome of the trial. *See id.*

5

counsel an opportunity to explain his trial strategy. *See Goodspeed*, 187 S.W.3d at 392.

In sum, we conclude that appellant did not rebut the strong presumption that his counsel rendered constitutionally effective assistance. *See id.*; *Thompson*, 9 S.W.3d at 813; *Rylander*, 107 S.W.3d at 110–11; *Foley*, 327 S.W.3d at 913. We overrule his sole issue.

## II. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of May, 2014.