# NO. 12-13-00187-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY DEWAYNE BLANTON,* <br> *APPELLANT* | *§* | *APPEAL FROM THE 145TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Timothy Dewayne Blanton appeals his conviction for aggravated robbery with a deadly weapon. After finding him guilty, the jury assessed punishment at life in prison. In two issues, Appellant contends the trial court erred in admitting evidence and the State's prosecutor inappropriately informed the jury panel of his prior conviction. We affirm.

### BACKGROUND

Chester Pleasant was working in his barber shop when Appellant came in and asked if he could rest from jogging. Pleasant had seen Appellant before and agreed to let him sit in the barber shop. Eventually, after all customers had left, Appellant attacked Pleasant with a Taser, scissors, and a straight razor. Appellant demanded money and threatened to kill Pleasant. Pleasant, who tried to fight back and was injured, handed over his money clip before managing to lock himself in the restroom and call 911. Appellant fled before the police arrived.

Pleasant was able to tell the police the name of his assailant and the police obtained an arrest warrant. Appellant was located and arrested at an apartment the same day.

In his first issue, Appellant contends the trial court erred in admitting evidence that he claims was seized in an illegal search. He asserts that the police did not have a search warrant, permission to go inside the apartment, or exigent circumstances warranting a search. Therefore, he argues, the evidence seized is inadmissible.

## Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court must give almost total deference to the trial court's resolution of questions of historical fact and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011). The trial court is the judge of the witnesses' credibility and the weight given their testimony. *Amir v. State*, 45 S.W.3d 88, 90 (Tex. Crim. App. 2001). When the questions of historical fact do not turn on credibility and demeanor, we will review a trial court's determination de novo. *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007). In reviewing a trial court's ruling on a motion to suppress, appellate courts must view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W3d 184, 192 (Tex. Crim. App. 2013). When the trial court does not make explicit findings of fact, as here, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence (viewed in the light most favorable to the ruling) supports these implied fact findings. *Id*. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Reynolds*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

## Applicable Law

The Fourth Amendment to the United States Constitution guarantees people the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. When a search without a warrant is executed, the State bears the burden to show that the search falls within one of the narrow exceptions to the warrant requirement in order for the search to be constitutionally permissible. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967). An exception to the warrant requirement is a search conducted by consent. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). To show that the search was made with the property owner's consent, the state must prove by clear and convincing evidence, based on the totality of the circumstances,

that the owner gave consent freely and voluntarily. ***Reasor v. State***, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).

Another exception to the search warrant requirement is a search incident to arrest. ***Carrasco v. State***, 712 S.W.2d 120, 122 (Tex. Crim. App. 1986). Once a police officer validly arrests a person, the officer may search the person and the area immediately associated with the person. ***Id***.

## Analysis

The record shows that police officers obtained an arrest warrant for Appellant and determined that he possibly was at the apartment of Sorterrance Cannon-Martin. Detective Daniel Johnson, Detective Adam Sparks, and Officer Layton Crelia went to that location within hours of the robbery. Cannon-Martin and another woman, Brienca McGowan, answered the door. Detective Johnson testified that Cannon-Martin told them Appellant was not in the apartment, but allowed the officers to go inside and then admitted that Appellant was in the apartment. He explained that she did not verbally give permission to enter; rather, she shook her head and motioned that they could go in. McGowan, who was staying with Cannon-Martin, testified that she did not give permission for the officers to enter.

Cannon-Martin testified that the officers did not ask her permission to go in her apartment, but after she told them Appellant was inside, "they went on in." She also testified that once she told them that Appellant was there, she did not have a problem with them going in.

The court attempted to get clarification:

The Court: – – the second time, they asked you if Timmy was inside, and you said, "Yes"?

Cannon-Martin: Yes, sir.

The Court: And, then what happened after you said, "Yes"[?]

Cannon-Martin: They went in to go get him.

The Court: All right. Did they ask for permission or anything?
Cannon-Martin: I – –

The Court: What did they say?

Cannon-Martin: I mean – – because I said he was in there, I guess that kind of means, yeah, you can go in there. But, they went in after I said, "Yes."

The Court: Did you nod, or anything, or give any hand gestures to say, "Go on in, or" – –

3

Cannon-Martin: No. I just – – I mean – – I don't know. I guess when I say, "Yes", like my hand probably went like this (indicating), yeah, like he's in there.

The Court: Okay. So, you didn't prohibit them from going in there?

Cannon-Martin: No.

Once inside the apartment, the officers found and arrested Appellant. He was holding cash and still wearing the shorts and tennis shoes he had worn during the robbery. They seized the cash immediately and seized the shorts and shoes while Appellant was in detention. At the time they arrested Appellant, they were not aware that a money clip had been stolen from Pleasant. Later that same day, Detective Johnson returned to the apartment to retrieve the money clip, which he and Detective Sparks had seen on the bathroom counter. Cannon-Martin, whose name was on the lease, gave her permission for them to enter the apartment when they got the money clip. It is irrelevant that McGowan did not give permission because she was merely staying with Cannon-Martin.

The record supports a finding that Cannon-Martin gave permission for the officers to enter her apartment to arrest Appellant. *See Reasor*, 12 S.W.3d at 818; s*ee also Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004) (holding that defendant's hand motion indicating that the officer could enter constituted consent to enter the home). Appellant has not challenged the lawfulness of his arrest, which was pursuant to a warrant. It is reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent concealment or destruction. *Page v. State*, 125 S.W.3d 640, 649 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). Further, searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention. *United States v. Edwards*, 415 U.S. 800, 803, 94 S. Ct. 1234, 1237, 39 L. Ed. 2d 771 (1974). The warrantless seizure of a suspect's clothing subsequent to a legal arrest, while in custody or detention, is permissible. *Id*., 415 U.S. at 804, 94 S. Ct. at 1237. Thus, the cash, shorts, and shoes were lawfully seized incident to the arrest. *See Carrasco*, 712 S.W.2d at 122. Finally, Cannon-Martin gave her consent for the officers to enter her apartment and take the money clip. *See Gutierrez*, 221 S.W.3d at 685. Accordingly, there was no illegal search and the trial court did not err by admitting the complained-of evidence. We overrule Appellant's first issue.

## VOIR DIRE

In his second issue, Appellant contends that, during voir dire, the prosecutor disclosed to the jury that Appellant had a prior felony conviction. He argues that this disclosure is in violation of code of criminal procedure Article 36.01 and prejudicial.

During voir dire, the prosecutor discussed sentencing and explained as follows:

> Now, for Aggravated Robbery, if it's proven that the defendant committed an Aggravated Robbery, and that he has a prior felony conviction, meaning that he's been to the penitentiary before, the range of punishment is 15 years all the way up to 99 years to life, and a $10,000 fine. Now, the question is, can all of ya'll [sic] consider that entire range?

Article 36.01 provides that, when prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment reciting such convictions shall not be read until the hearing on punishment. TEX. CODE CRIM. PROC. ANN. art. 36.01(a) (West 2007). This restriction is designed to prevent the prejudice that would inevitably result from an announcement at the outset of the proceedings that the state believes the defendant was previously convicted of a particular offense at a particular time and in a particular court. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982). The code of criminal procedure proscribes informing the jury of any of the specific allegations contained in the enhancement paragraph of the indictment. *Id*. at 509. It does not, however, prevent the trial court or the prosecutor from informing the jury in hypothetical terms of the applicable range of punishment if the state proves any prior convictions for enhancement purposes. *Id*. Here, the prosecutor referenced a hypothetical "prior felony conviction" and did not state any specific allegations. The trial court did not err in overruling Appellant's objection to the prosecutor's statement during voir dire. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00187-CR**

**TIMOTHY DEWAYNE BLANTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1219446)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*