**Opinion filed July 17, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00063-CR
_____

## WILLIAM CLAY PITTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 26788**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, William Clay Pitts, guilty of the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2024). The jury also found the enhancement paragraphs to be "true" and assessed Appellant's punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for fifty years. *See id.* § 12.42(d) (West 2019).

Appellant presents two issues on appeal. In his first issue, he argues that the trial court improperly commented on the weight of the evidence when it informed the jury panel during voir dire about enhanced punishment ranges based on a defendant's prior convictions. In his second issue, he asserts that the trial court erred when it allowed the State to question the jury panel about their views concerning an enhanced punishment range. We affirm.

## I. *Factual and Procedural Background*

Because there is no challenge to the sufficiency of the evidence, we only recite the facts that are necessary to our disposition of this appeal.

On April 25, 2023, Appellant asked Stephen Broyles to come to the travel trailer where Appellant was living and bring him some food. According to the testimony that was presented, after Broyles knocked on the door of the travel trailer, Appellant pulled a gun and shot through the door twice. As a result, Broyles was shot in the face and suffered serious injuries. Appellant fled, but later surrendered to law enforcement.

Appellant was later indicted for the second-degree felony offense of aggravated assault with a deadly weapon. PENAL § 22.02(a)(2), (b). The indictment also contained allegations that Appellant had previously been finally convicted of two felony offenses. The jury convicted Appellant of the indicted offense and found the enhancement allegations to be "true." When, as here, the defendant is convicted of a felony offense, other than a state jail felony, and it is shown that the defendant has previously been finally convicted of two or more felony offenses, the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for a term of not more than ninety-nine years or less than twenty-five years—habitual offender punishment. *Id.* § 12.42(d).

## II. *Analysis*

Both of Appellant's complaints on appeal concern statements made during voir dire about the application of an enhanced punishment range. He first complains that the trial court improperly commented on the weight of the evidence when it informed the jury panel about the habitual offender punishment range. He next argues that the trial court impermissibly allowed the State to question the jury panel about their views of this enhanced punishment range.

### A. *Statements by the Trial Court and the State During Voir Dire*

Before voir dire commenced, the trial court explained the following to the parties and their trial counsel outside the presence of the jury panel:

> And the Court will be -- rather than just leaving it to the attorneys to cover all of voir dire, I will be covering many of the basic principles concerning what the jury's responsibilities will be and the discussion of various rights that the accused, [Appellant], has. And I will be informing them that he is charged with a second-degree felony and what the applicable range of punishment is.
>
> But when we get to the -- to my comments and instructions during voir dire concerning punishment, I will be covering -- and I'm taking it straight from the bench book, the -- 2022 revised version that's given to us published by the Texas Center for the Judiciary on the suggested comments describing the punishment phase. That begins, Just because the defendant has elected to have the jury assess punishment in the event of a guilty verdict does not mean an election can be used as any indication one way or another that the guilt/innocence -- during the guilt/innocence phase of the trial. The law requires the defendant to make his election regarding punishment at this time of the trial. Does anyone, just because the defendant has made that election, feel that you are going to be troubled by it so much that you would automatically -- automatically be more inclined to find the defendant guilty?
>
> And then I'll go over the range of punishment. And then I will continue -- because of the enhancement allegation, I will talk about enhancement punishments including the one on habitual enhancement. The law states that where a person has been shown to -- in proof beyond a reasonable doubt that they have been twice before convicted of a

3

felony offense, then the punishment for the primary offense is enhanced. If the State can prove that someone has been twice before convicted of a felony offense, then it becomes your duty to assess punishment at somewhere between 25 and 99 years or life depending on the facts and circumstances as you find them. Does anyone have a problem considering assessing punishment at that range?

Appellant's trial counsel objected to the trial court's proposed statements because he believed these statements constituted an improper comment on the weight of the evidence and would unfairly prejudice the jury panel by allowing them to infer, without evidence, that Appellant had previously been convicted of two or more felony offenses. Appellant's trial counsel requested that the trial court only advise the jury that "the range of punishment could be from no less than 2 years up to 99 [years] or life depending on certain issues to [be] proven in the trial." Counsel further asked the trial court to instruct counsel for the State that in questioning the jury panel about enhancement issues, it could only inquire whether the jury panel could assess Appellant's punishment at imprisonment for no less than two years but no more than ninety-nine years, or life. The trial court overruled Appellant's objection and denied his requests.

During voir dire, the trial court stated the following to the jury panel:

THE COURT: The parties need to know -- and when I say the parties, I'm talking about the people that are at these tables right here. The parties need to know if you can fairly consider the full range of punishment in this case in the event that the jury finds the defendant to be guilty. The possible punishment in this case is no more than 20 years confinement and no less than two years confinement and up to a $10,000 fine.

Is there anyone who cannot fairly consider the full range of punishment in a case where the defendant is charged with the offense of aggravated assault with a deadly weapon, two to 20 years? If there's any one of you who can't consider that full range of punishment and the possibility of a fine of up to $10,000, please raise your number.

(No response)

4

THE COURT: Okay. Moving along. In all cases such as this one classified as a second-degree felony, if it is proven during the punishment phase that a defendant has previously been convicted of a felony offense other than a state jail felony, the punishment range for such individual is enhanced to a first-degree felony. It cannot be predicted if such may apply in this particular case or not; however, if it is later shown to be applicable, can the jury consider whatever the full punishment range may be? If you can consider the full range of punishment, whatever it may be, please -- if you can't do that, please raise your number.

(No response)

THE COURT: Our law also provides where a person has shown to be -- shown to and proved beyond a reasonable doubt that they have been twice before convicted of a felony offense, then the punishment for the primary offense is enhanced. If the State can prove that someone has been twice before convicted of a felony offense, then it becomes the jury's duty to assess punishment at somewhere between 25 and 99 years or life depending on the facts and circumstances as you find them.

Does anyone have a problem under those circumstances considering assessing punishment in that full range?

(No response)

THE COURT: If you do, if you'll raise your number.

(No response)

THE COURT: Now, one of the things you're going to find when we discuss the range of punishment and the attorneys have the opportunity to ask you questions, this is their opportunity to ask you questions in general. They're not going to be able to talk to you about the specific facts of this case because what the attorneys say isn't evidence. They can talk to you in general, and they can certainly ask you questions about your thoughts and your beliefs, but the -- you just have to be able to consider in an appropriate case, can I consider punishment within that full range of punishment. Is there an appropriate case where I can consider the bottom end of the punishment range and appropriate case where I can consider the top end of the punishment range.

5

During the State's voir dire, counsel for the State explained to the jury panel that the indicted offense was a second-degree felony punishable by no less than two years but no more than twenty years' imprisonment. Counsel for the State asked the jury panel if they could consider that punishment range. In doing so, she stated:

> [THE STATE]: Now, another issue that might come up, and I'm not saying that it will or won't in this case, just hypothetically if you were a juror and you were to hear evidence in a particular case that somebody had two prior felony convictions, perhaps even been to prison, and the two prior felony convictions were properly sequenced, what that would do would be to bump the punishment range to what the law calls habitual felony offender.
>
> Does everyone understand what I just said? I know it can be confusing. Okay.
>
> So the punishment range in that case where someone was a habitual felony offender would be 25 years imprisonment to 99 years imprisonment or life. So we're talking 25 to 99 years or life.

Counsel then asked the jury panel if they could consider the full range of punishment for a habitual offender—life imprisonment, or imprisonment for no less than twenty-five years but no more than ninety-nine years.

B. *The Trial Court Comments Were Not Improper*

Appellant first complains that the trial court's statements to the jury panel about habitual offender punishment constituted an improper comment on the weight of the evidence in violation of Article 38.05 of the Texas Code of Criminal Procedure. Article 38.05 provides that:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979).

A trial court improperly comments on the weight of the evidence when it implies approval of the State's argument, indicates disbelief in the defendant's position, or diminishes the credibility of the defendant's approach to the case. *Gonzales v. State*, 680 S.W.3d 358, 380 (Tex. App.—Eastland 2023, pet. ref'd); *Arevalo v. State*, 675 S.W.3d 833, 857 (Tex. App.—Eastland 2023, no pet.) (The trial court's general inquiry in the jury's presence, before the punishment evidence was presented, concerning whether the enhancement allegation would be read to the jury was appropriate and did not taint the jury's punishment verdict.). Further, the alleged improper commentary must be material to rise to the level of reversible error. *Arevalo*, 675 S.W.3d at 857; *see also Barron v. State*, 630 S.W.3d 392, 406 (Tex. App.—Eastland 2021, pet. ref'd). To conclude that reversible error occurred under Article 38.05, the comment must be "reasonably calculated to benefit the State or prejudice the defendant's rights." *Proenza v. State*, 541 S.W.3d 786, 791 (Tex. Crim. App. 2017) (quoting *McClory v. State*, 510 S.W.2d 932, 934 (Tex. Crim. App. 1974)).

Appellant argues that the trial court's comments about the enhanced punishment range "telegraphed to the jury that there was more to the story" and "impl[ied] the court approved of the State's position on the validity of the prior convictions." Prior to the commencement of voir dire, the trial court informed the parties that it would advise the jury panel about the basic principles of voir dire, including the applicable punishment ranges. The trial court noted that its statements about these punishment ranges was derived from a bench book published by the Texas Center for the Judiciary. When explaining these punishment ranges to the jury panel, the trial court stated and inquired, "[i]t cannot be predicted if such may apply in this particular case or not; however, if it is later shown to be applicable, can the jury consider whatever the full punishment range may be?"

When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the *indictment* shall not be *read* to the jury until the hearing on punishment commences. CRIM. PROC. art. 36.01(a)(1) (West 2007). In *Frausto v. State*, the court observed that when discussing the punishment range during voir dire, "the prosecutor recounted virtually all of the allegations contained in the enhancement paragraph of the indictment, including the offense, cause number, date and court of conviction." 642 S.W.2d 506, 508 (Tex. Crim. App. [Panel Op.] 1982). The court concluded that the prosecutor's comments during voir dire were "the functional equivalent of reading to the jury panel the enhancement paragraph to the jury." *Id.* The court stated that:

> a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment.

*Id.* at 509. In this case, Appellant argues that the trial court's "enhancement" comments to the jury panel were similar to those made in *Frausto*. We disagree.

Unlike *Frausto*, the trial court here did not inform the jury panel of the specifics of Appellant's prior convictions. Rather, the trial court only stated that it could not be predicted if the enhanced punishment range would be applicable in this case. The trial court did not implicate Appellant's guilt as to any of his prior convictions, but instead permissibly informed the jury panel of the range of punishment that would apply if the State were to prove, beyond a reasonable doubt, that Appellant had previously been finally convicted of one or two felony offenses, other than a state jail felony. *See Holmes v. State*, No. 05-23-00834-CR, 2024 WL 2873629, at *3 (Tex. App.—Dallas June 7, 2024, pet. ref'd) (mem. op., not designated for publication).

We conclude that the trial court did not err as Appellant suggests. Accordingly, we overrule Appellant's first issue.

C. *The State's Comments Were Not the Functional Equivalent of Reading the Enhancement Allegations to the Jury Panel*

Appellant next contends that the State's questions and comments to the jury panel about habitual offender punishment "informed [the] jury that there were prior convictions waiting to be disclosed." Appellant concedes that unlike the prosecutor in *Frausto*, counsel for the State in this case did not inform the jury panel of the type of offenses for which Appellant had been previously convicted, the cause number for each offense, the dates of conviction, and the convicting court for each prior conviction. He argues, however, that because counsel for the State, in its hypothetical, dwelled on the point that "someone" *might* have been twice convicted, its comments were the functional equivalent of reading the enhancement paragraphs to the jury panel in violation of Article 36.01(a)(1). We disagree.

In discussing the applicable punishment range for a habitual offender, counsel for the State specifically said, "another issue that might come up, and I'm not saying that it will or won't in this case, just hypothetically if you were a juror and you were to hear evidence . . . that somebody had two prior felony convictions . . . that would . . . bump the punishment range." Counsel for the State then asked the jury panel if they could consider the full habitual-offender punishment range if the evidence presented warranted it.

The State was entitled to generally inform the jury panel and solicit their views about the range of punishment to be considered if the State were to prove that Appellant had previously been finally convicted of two or more felony offenses, other than a state jail felony; however, the State was not permitted to read or otherwise inform the jury of any specific details contained in the indictment's enhancement paragraphs. *Frausto*, 642 S.W.2d at 509. As Appellant acknowledges,

9

the State did not.  This is a significant distinction.  *Id.*; *see Tutt v. State*, 940 S.W.2d 114, 119 (Tex. App.—Tyler 1996, pet. ref'd).

We conclude that the State's general comments to the jury panel about the punishment range for a habitual offender were within the permissible scope of voir dire and thus were not the functional equivalent of having *read* the enhancement paragraphs to the jury panel.  *See Frausto*, 642 S.W.2d at 509; *Tutt*, 940 S.W.2d at 119.  Accordingly, we overrule Appellant's second issue.

### III.  *This Court's Ruling*

We affirm the trial court's judgment.

W. STACY TROTTER
JUSTICE

July 17, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.